*89 RESOLUCIÓN
I
Examinada la Solicitud de Certificación Intrajurisdic-cional presentada por Educadores por la Democracia, Uni-dad, Cambio, Militancia y Organización Sindical, Inc., se declara “con lugar”. Art. 3.002(e) de la Ley Núm. 201-2003 (4 LPRAsec. 24y); Regla 52.2(d) de las Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V. Véase Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013).
Se ordena la consolidación de los casos de epígrafe por tratarse ambos de la misma controversia. Tener en dos fo-ros distintos de manera simultánea dos casos que versan sobre la misma controversia no contribuye a la economía procesal y abre la puerta a la posibilidad de resultados contradictorios. M-Care Compounding et al. v. Depto. Salud, 186 DPR 159, 172 (2012); Vives Vázquez v. E.L.A., 142 DPR 117 (1996). Véase, además, R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., Ed. LexisNexis, 2010, Sec. 3601, pág. 352. En lo sucesivo, las partes deberán usar este epígrafe en los escritos presentados.
II
A la Moción de Reconsideración que presentó la Procuradora General, no ha lugar.
Hemos expresado que “[e]l injunction se ha convertido en el instrumento más eficaz para vindicar los diversos derechos constitucionales protegidos por nuestra Constitución”. Noriega v. Gobernador, 122 DPR 650, 681 (1988). Véase, además, D. Rivé Rivera, Recursos extraordinarios, 2da ed., San Juan, Programa de Educación Jurídica Continua, 1996, pág. 62. Para lograr ese propósito, el Art. 678 del Código de Enjuiciamiento Civil, según enmen- *90 dado por la Ley Núxn. 12 de 8 de agosto de 1974, 32 LPRA see. 3524, “permite que se dicte una orden de entredicho provisional, injunction preliminar o permanente, ante ale-gaciones que de su faz sustancien que alguna persona, so color de autoridad, ha privado a un peticionario de algún derecho garantizado por la Constitución o las leyes de Puerto Rico o de Estados Unidos”. (Énfasis suplido). Hernández Colón, op. cit., pág. 532. Véase, además, Delgado Rodríguez v. Nazario de Ferrer, 121 DPR 347, 357 (1988).
Como se deduce de la norma citada, el Poder Judicial tiene la facultad de emitir un injunction cuando una demanda contiene alegaciones tan serias, sustanciales, difíci-les y dudosas que la convierten en materia prima para un buen litigio. Hernández Colón, op. cit., pág. 539. Por esa razón, se ha establecido con total corrección que en casos en los que se alega una violación constitucional “no es necesario demostrar daño irreparable”. Id. Véase, además, 11A Wright and Miller, Federal Practice and Procedure Sec. 2948.1 (1995). Por eso, se ha resuelto que es innecesario celebrar una vista evidenciaría como requisito previo para emitir un injunction preliminar cuando no existen controversias de hechos materiales. Aoude v. Mobil Oil Corp., 862 F.2d 890 (1er Cir. 1988); Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F.Supp.2d 1197 (C.D. Cal. 2007). Véase, además, Wright and Miller, supra, Sec. 2949.
Al analizar con sumo cuidado el expediente de este caso, concluimos que la demanda que presentaron los peticionarios contiene alegaciones serias y sustanciales que ameritaban la expedición del injunction preliminar. Hernández Colón, op. cit., pág. 539. Además, en su moción de reconsideración la Procuradora General no ha impugnado ninguna de las alegaciones juramentadas que han hecho los peticionarios en este caso. Así pues, no creó una controver-sia fáctica que impidiera la emisión de nuestra orden provisional de paralización. Aoude v. Mobil Oil Corp., supra; *91 Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., supra.
Así pues, es incorrecta en derecho la aseveración de la disidencia de que no es posible dictar la paralización de la ley antes de que se celebre una vista. De hecho, ese principio es tan obvio que la propia disidencia recomienda la emisión de una orden —sin vista— para prorrogar y dejar sin efecto el plazo que concede la Sec. 4(a) de la Ley Núm. 160-2013 para que los maestros afectados notifiquen su renuncia. Por otro lado, la disidencia menciona que las circunstancias en las que se emitió la orden han cambiado porque el paro magisterial concluyó. Eso implica que, en verdad, la disidencia no ve impedimentos legales para la orden de paralización que dictamos en medio del paro de cuarenta y ocho horas de los maestros del sistema público de enseñanza. Tan solo significa que la disidencia dejaría sin efecto la orden ante el cambio de circunstancias.
Vemos, entonces, que la diferencia en este Tribunal no es en realidad acerca de nuestra facultad para emitir la orden de paralización provisional de la ley, sino más bien sobre su amplitud y alcance. Son muchos los beneficios de haber detenido la entrada en vigor de la Ley Núm. 160-2013. Por ejemplo, a diferencia de otros casos que hemos certificado y que se citan en la disidencia, el injunction preliminar permite que este Tribunal analice este caso en un ambiente sosegado. Además, los miles de maestros que se ven afectados por la Ley Núm. 160-2013, no tienen el dilema de tener que tomar decisiones permanentes acerca de su futuro con la presión de la aplicación inminente de la ley. En esencia, el propósito principal de la orden provisional de paralización que emitimos en este caso es mantener el statu quo. Rivé Rivera, op. cit., pág. 21.
*92 h — I h-1 1 — 1
Por último, vista la “Moción enmendando pedido ur-gente en solicitud de extensión de términos” que presentó la parte demandante peticionaria y la “Urgente moción en oposición a solicitud de extensión de término” que presentó la parte demandada recurrida, se le concede al Comisio-nado Especial, Hon. Angel Pagán Ocasio, hasta el martes 28 de enero de 2014 para que nos informe cuánto tiempo adicional necesita para realizar su encomienda, conforme a la Resolución que emitimos el 14 de enero de 2014.

Notifíquese inmediatamente por fax o teléfono, y por la vía ordinaria.

Lo acordó y ordena el Tribunal, y lo certifica la Secreta-ria del Tribunal Supremo.
La Jueza Asociada Señora Pa-bón Charneco emitió un voto particular de conformidad, al que se unió el Juez Asociado Señor Estrella Martínez. El Juez Asociado Señor Kolthoff Caraballo emitió un voto particular de conformidad. Por otro lado, el Juez Presidente Señor Hernández Denton emitió un voto particular disi-dente, al que se unió la Jueza Asociada Señora Fiol Matta. La Juez Asociada Señora Rodríguez Rodríguez emitió un voto particular disidente. El Juez Asociado Señor Feliberti Cintrón se inhibió.
(.Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo